PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Subaru Legacy struck a hole while claimant’s son, Joshua Mongold, was driving on Van Voorhis Road, designated as County Route 59, in Morgantown, Monongalia County. County Route 59 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at 9:00 p.m. on April 23, 2008. County Route 59 is a two-lane road. Mr. Mongold testified that he was driving from the District Apartments where he resides. He was proceeding up the hill toward College Park Apartments at a speed of approximately forty to forty-five miles an hour when his vehicle struck a hole in the road. Since there was oncoming traffic, he was unable to avoid the hole. Mr. Mongold testified that he was aware that the hole had existed for approximately one month prior to the incident. He stated that the hole was located in the travel portion of the lane and was approximately one and a half feet in diameter and five or six inches deep. As a result, claimant’s vehicle sustained damage to the right passenger front and rear tires, the passenger front, rear, and left front rims, and the *181 vehicle’s tires had to be re-aligned. The total amount of claimant’s damages amounts to $1,553.34, and claimant’s insurance deductible at the time of the incident was $250.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 59. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that she is familiar with the area where this incident occurred. She did not receive prior notice of the hole which claimant’s vehicle struck until after the incident occurred.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location on the road lead the Court to conclude that respondent had notice of this hazardous condition. Thus, claimant may make a recovery for her loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.